# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT E. DYER,  
    Plaintiff

vs

STATE OF OHIO,  
    Defendant

Case No. 1:08-cv-706

(Dlott, J.)

**ORDER**

Plaintiff, a resident of Mt. Orab, Ohio, brings this action against the State of Ohio alleging a violation of his civil rights under 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff's pro se complaint alleges the following claims:

1. The State of Ohio violated my rights in 2007 by violating my Double Jeopardy rights, effectively preventing me to present a competent defense, and withholding of discovery evidence in Brown County Court of Common Pleas case no. CR12003228.

2. The State of Ohio violated my rights in 2007 by effectively preventing me to present a competent defense, and withholding of discovery evidence in Brown County Court of Common Pleas case no. CR120072107.

2

> 3. The State of Ohio violated my rights in 2008 by effectively preventing me to compile documents and evidence so as to pursue wrongful prosecution, prosecutor harassment, and judicial harassment actions.
>
> 4. The State of Ohio violated my rights in 2008 in that on or about 10 Sep. 08, in Brown County Court of Common Pleas case no. 20010067, open Court, Judge David Duce Wilson, did willfully and knowingly commit perjury while presiding over the hearing.
>
> 5. The State of Ohio violated my rights in 2008 in that in July 2008 the State filed probation violation charges against me for: A) Refusing to waive my rights to medical records privacy B) not paying up my alledged (sic) child support.
>
> 6. I am filing this at the last minute and ask to be allowed to add to this at a later date.

(Complaint at 3a). The remainder of plaintiff's complaint explains in detail the basis for each of his claims for relief. In addition, it appears from the attachments to the complaint that plaintiff is due to appear in state court on charges he violated the terms of his community control (probation) by failing to pay child support and by refusing to release his medical records or provide proof he is unable to work due to a disability. As relief, plaintiff seeks a federal court order halting the imposition of sanctions against him by the State of Ohio for probation violations; the Court's assistance in assembling records so he may "pursue wrongful prosecution;" damages; permission to demonstrate that his child support obligation was improperly calculated by the State; and any other relief the Court deems warranted. (Complaint at 4).

In this case, the complaint against the State of Ohio must be dismissed because the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of*

*Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976), *cert. denied*, 430 U.S. 946 (1977). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case and plaintiff's claims for monetary and injunctive relief against the State of Ohio are dismissed.

To the extent plaintiff seeks a federal court order prohibiting the state court from imposing sanctions against plaintiff based on his probation violations, this Court is precluded from adjudicating plaintiff's claims under the abstention doctrine formulated in *Younger v. Harris,* 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id*. Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995), citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d

4

452, 454 (6th Cir. 1989). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, plaintiff's criminal case is currently pending in the Brown County Court of Common Pleas. Second, the criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise his constitutional challenges. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995), citing *Pennzoil Co.*, 481 U.S. at 15. Therefore, abstention under *Younger* is appropriate.

Nor has plaintiff alleged facts showing the existence of extraordinary circumstances barring abstention. Plaintiff has failed to offer any "evidence that abstention will jeopardize his due process right to an impartial adjudication." *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 640 (1st Cir. 1996). Nor has plaintiff presented any facts or evidence showing the state court's actions in the criminal case are motivated by bad faith or an intent to harass plaintiff. Thus, the complaint fails to establish the presence of extraordinary circumstances mitigating against the application of *Younger* abstention.

For these reasons, plaintiff's complaint is **DISMISSED** and this matter is closed on the

docket of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

    S/Susan J. Dlott
    Susan J. Dlott, Judge
    United States District Court